Willie JOSEY, Jr., Petitioner–
Appellant,

v.

Ernest C. ROE, Warden, Respondent–
Appellee.

No. 00–55442.

D.C. No. CV–99–06903–NMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2001.

Decided Aug. 1, 2001.

Before FARRIS, SILVERMAN, and
PAEZ, Circuit Judges.

MEMORANDUM *

California state prisoner Willie Josey,
Jr., appeals the district court's denial of
his 28 U.S.C. § 2254 petition challenging

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his conviction for possession of cocaine base. Josey seeks to vacate his state court conviction on grounds of ineffective assistance of counsel because trial counsel failed to object to Josey's being tried while wearing prison clothes. We have jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291, and we affirm.

We review de novo the district court's decision to deny a habeas petition under 28 U.S.C. § 2254. *Patterson v. Gomez,* 223 F.3d 959, 962 (9th Cir.2000); *Houston v. Roe,* 177 F.3d 901, 905 (9th Cir.1999).

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant a habeas writ only if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "Supreme Court need not have addressed a factually identical case[;] § 2254(d) only requires that the Supreme Court clearly determine the law." *Houston,* 177 F.3d at 906. "[O]ur independent review of the legal question ... [must] leave[ ] us with a 'firm conviction' that one answer, the one rejected by the [state] court, was correct and the other, the application of the federal law that the court adopted, was erroneous—in other words that clear error occurred." *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

■ The applicable law in Josey's case is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which is "clearly established Federal law" under the AEDPA. *See Van Tran,* 212 F.3d at 1156; *Delgado,* 223 F.3d at 980.

■ To prevail on a claim of ineffective assistance of counsel, Josey must show 1) that his trial counsel's performance fell outside a wide range of reasonableness and 2) that he was prejudiced by that performance. *Weighall v. Middle,* 215

F.3d 1058, 1062 (9th Cir.2000) (citing *Strickland,* 466 U.S. at 691, 694, 104 S.Ct. 2052). "Prejudice occurs where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id. Strickland* challenges are to be analyzed under the "unreasonable application" prong of section 2254(d). *Weighall,* 215 F.3d at 1062.

■ We reject Josey's contention. First, although Josey had a due process right not to be *compelled* to stand trial in jail clothes, *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the record clearly shows that he was not compelled at all. To the contrary, defense counsel explicitly declined the trial judge's express invitation regarding a change of clothes. Counsel requested that Josey be unshackled, but specifically stated that no change of clothes was necessary. This gives rise to an inference of a reasoned tactical decision on the part of counsel. Even if we were to find that counsel's judgment in this respect was professionally unreasonable, no prejudice has been shown. Regardless of what wearing jail clothes might imply about Josey, Josey expressly admitted on the stand that he had two prior bank robbery convictions. In any case, the evidence of guilt was overwhelming—not only were the drugs found on Josey's person, but upon arrest he made a statement admitting his use of the substance.

■ Upon the record as a whole, we are compelled to conclude that the state court's rejection of Josey's ineffective assistance claim was not clearly erroneous. *See Van Tran,* 212 F.3d at 1153. The district court did not err in its determination that the state court's decision was not an unreasonable application of clearly es-

tablished Federal law. 28 U.S.C. § 2254(d); *Weighall*, 215 F.3d at 1062.[1]

AFFIRMED.

---

1. Josey's additional request that the district court, at the very least, be directed to conduct an evidentiary hearing is without merit because he failed to develop the factual basis of his claim in the state court proceedings. 28 U.S.C. § 2254(e)(2); *Bragg v. Galaza*, 242 F.3d 1082, 1089–90 (9th Cir.2001).

